| | | |
|---|---|---|
| MAVIS A. COMBS, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | Appeal No. |
| | ) | 01-A-01-9608-CH-00385 |
| v. | ) | |
| | ) | Davidson Chancery |
| THE METROPOLITAN GOVERNMENT | ) | No. 95-2336-II |
| OF NASHVILLE and DAVIDSON | ) | |
| COUNTY, and the CIVIL SERVICE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondents/Appllees. | ) | |
| | ) | |

**FILED**

**February 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

DAVID I. KOMISAR
211 Printer's Alley Building
Suite 400
Nashville, Tennessee 37201
        ATTORNEY FOR PETITIONER/APPELLANT

JAMES L. MURPHY, III
Director of Law
The Department of Law of the
Metropolitan Government of
Nashville and Davidson County

WM. MICHAEL SAFLEY
Metropolitan Attorney
204 Metropolitan Courthouse
Nashville, Tennessee 37201
        ATTORNEY FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by petitioner/appellant, Mavis A. Combs, from the decision of the Davidson County Chancery Court upholding the decision of respondent/appellee, the Metropolitan Civil Service Commission ("the Commission"), to deny Ms. Combs in-line-of-duty injury leave. The facts out of which this matter arose are as follows.

Ms. Combs is an employee of respondent/appellee, the Metropolitan Government of Nashville and Davidson County ("Metro") in that she works for the Metropolitan Police Department ("the Department"). While participating in training exercises in April of 1974, Ms. Combs was struck on her left knee with a baton. A 101 occupational injury report was completed. Doctors at Nashville General Hospital treated Ms. Combs' knee injury on 10, 17, and 24 April 1974 and on 17 May 1974. On 22 March 1979, Ms. Combs' left knee gave out while she was coming down the stairs in the police building. An occupational injury report form was completed. The report referenced the April 1974 injury. Once again, doctors at Nashville General Hospital treated Ms. Combs' knee injury.

Ms. Combs resigned from the Department in January 1981. She moved to San Diego, California and began working for the San Diego Sheriff's Department. On 4 April 1985, doctors at a hospital in San Diego treated Ms. Combs for a swollen left knee. The Department rehired Ms. Combs in 1987.

On 25 May 1994, Dr. Robert K. Johnson treated Ms. Combs for left knee pain. An occupational injury report was completed on 31 May 1994 detailing Ms. Combs' 1974 knee injury and her reoccurring weakness, cracking, pain, and swelling in her left knee. Dr. Johnson concluded that Ms. Combs needed an arthroscopic debridement of her left knee and that her knee condition was related to the 1974 injury. Dr. Jack Corban, Metro's Civil Service Medical Examiner, also rendered an opinion. He concluded that Ms. Combs' left knee condition was not related to the 1974 injury, but Dr. Corban never examined Ms. Combs. Ms. Combs then saw a third doctor, Dr. Kurt Spindler, Director of Sports Medicine, Assistant Professor Orthopaedic and Rehabilitation, Vanderbilt University Medical Center. Dr. Spindler

examined Ms. Combs and concluded that she should be "treated arthroscopically for debridement of her meniscal lesion and articulalar cartilage changes" and that "it is conceivable and probable that her meniscus tear could be caused at the time of her injury in 1974 and remain mildly symptomatic to severely symptomatic at this point."

Ms. Combs requested in-line-of-duty injury leave from the Department in order to receive the necessary treatment. The Department denied her request on 20 June 1994. Ms. Combs filed an internal grievance pursuant to the civil service rules. The grievance panel made the following findings:

> It is the opinion of this panel, based on the information provided by the three physicians, that Ms. Combs' current medical problems with her left knee are in part directly related to the April 1974 line of duty injury. Further, we believe that Ms. Combs break in service with Metropolitan Government should not be a factor in determining I.O.D. status. We recommend that Ms. Combs be granted I.O.D. status to have the corrective surgery performed on her knee and the necessary recovery time.

The chief of police rejected the findings of the grievance panel, and Ms. Combs timely filed a request for review by the Commission. The Commission's initial order denied Ms. Combs in-line-of-duty injury leave. Ms. Combs filed an appeal with the Commission. The Commission entered a final order upholding the initial order on 30 May 1995.

Ms. Combs next appealed to the Chancery Court for Davidson County. In a memorandum opinion, the chancery court concluded as follows:

> In light of the testimony of the two examining physicians, it is evident that there was a causal relationship between [Ms. Combs'] 1974 injury and her current condition. The hearing officer's decision to the contrary is not supported by substantial and material evidence in light of the entire record.
>
> The next issue is whether [Ms. Combs] is entitled to injury-on-duty benefits. As the hearing officer noted in his initial order, Civil Service rules do not allow for the connection of service time or benefits unless the employee is re-employed within one year of termination. In this case, [Ms. Combs] was absent from employment with the police department for over six years. Therefore, when she resumed employment with the Metropolitan Police Department, her status was that of a new employee, and she lost her right to pursue a claim based upon her 1974 injury.

On 2 April 1996, the chancery court entered its final judgment incorporating the

memorandum opinion and upholding the Commission's decision.

Thereafter, Ms. Combs filed a timely notice of appeal to this court. Her only issue was "[w]hether the reviewing court erred in upholding the decision of the commission denying in-line-duty benefits to appellant because civil service rules do not allow for the connection of service time or benefits unless the employee is re-employed within one year of termination."

Respondents contend that the Commission denied Ms. Combs in-line-of-duty injury leave because the civil service rules do not allow for connection of service time for the purpose of receiving benefits unless the employee requested re-employment within one year of the employee's resignation. In other words, if the employee does not satisfy this requirement, he or she is a new employee under the rules and any injury existing prior to employment would be a pre-existing condition. Ms. Combs, however, argues that there is no civil service rule providing that a break in service terminates benefits. Thus, it is Ms. Combs' contention that the decision of the Commission to deny her benefits was arbitrary and capricious.

Article 12 of Metro's charter established the Commission and set forth its powers and duties. The charter directs the Commission to establish rules regulating attendance, leaves of absence, and re-employment. Metro Charter § 12.07(d), (e). To accommodate this directive and others, the Commission adopted the civil service rules and regulations.

It is accepted law in Tennessee that "considerable deference will be granted to an administrative agency's interpretation of its regulation unless the interpretation is inconsistent with the terms of the regulation." *Gay v. City of Summerville*, 878 S.W.2d 124, 127 (Tenn. App. 1994). Here, the Commission was asked to interpret the intent of the rules which it had previously adopted. The Commission is in a better position to decide what is covered by the civil service rules than either this court or any other body because the Commission is the administrative body that devised the rules.

It is the opinion of this court that the Commission's interpretation is not

inconsistent with the rules. Rule 4.7(b)(3) specifically requires that "[t]o be eligible to be placed on the re-employment eligibility list . . .[a] written request by the former employee must be presented . . . within 12 months of the effective date of the employee's resignation." Civ. Serv. Comm'n R. 4.7(b)(3). A person who is re-employed by the Commission receives numerous benefits including credit for prior accumulated sick leave and service time. *Id.* 4.7(e). It is not inconsistent with these rules to conclude that Ms. Combs was not eligible for re-employment and was, therefore, not entitled to the benefits of re-employment. Moreover, it was not inconsistent for the Commission to conclude that Ms. Combs was a new employee because she was not re-employed as described in the rules.

Therefore, it results that the judgment of the chancellor is affirmed, and the cause is remanded to the chancery court for any further necessary proceedings. Costs on appeal are taxed to petitioner/appellant, Mavis A. Combs.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE